JUDGE DANIELS

11 CIV 4672

Louis Pechman
Jessica Tischler
Berke-Weiss & Pechman LLP
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TOMMASO MONDELLI, FRANCISCO CALERO, :
LUIS CALLE, MARCOS FLORES, RENE JEREZ, LUIS:
MOROCHO, PRUDENCIO NAULA, HUGO :
NAULA, BIAGIO NICOLI, ALEX NIOLA, JEAN :
CHARLES QUARRATO, and ALBINO SANCHEZ, :
on behalf of themselves and all others :
similarly situated, :

                                    Plaintiffs, :

               -against- :

GFB RESTAURANT CORP. d/b/a IL MULINO :
RESTAURANT, JERRY KATZOFF, and :
BRIAN GALLIGAN, :

                              Defendants. :
------------------------------------------------------------X



**COMPLAINT**

**COLLECTIVE ACTION**

**ECF CASE**

Plaintiffs Tommaso Mondelli, Francisco Calero, Luis Calle, Marcos Flores, Rene

Jerez, Luis Morocho, Prudencio Naula, Hugo Naula, Biagio Nicoli, Alex Niola, Jean

Charles Quarrato, and Albino Sanchez ("plaintiffs"), on behalf of themselves and all

others similarly situated, by their attorneys Berke-Weiss & Pechman LLP, complaining

of defendants GFB Restaurant Corp. d/b/a Il Mulino Restaurant, Jerry Katzoff, and

Brian Galligan (collectively referred to herein as "defendants" or "Il Mulino"), allege:

## NATURE OF THE ACTION

    1.    This action is brought to recover unpaid minimum and overtime wages,

misappropriated tips, and unpaid spread of hours wages pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

2.      For at least six years prior to the filing of this Complaint -- the statute of limitations under the New York Labor Law -- continuing to the present, Il Mulino has systematically ignored the requirements of the FLSA and NYLL and failed to compensate its waitstaff at the statutory minimum wage and overtime rates and has diverted tips belonging to the waitstaff to the restaurant's manager.

3.      Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, unpaid wages, overtime pay, spread-of-hours pay, unpaid tips, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

4.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Il Mulino is located in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

6.      Tommaso Mondelli ("Mondelli") resides in Queens, New York. Mondelli was employed as a captain at Il Mulino from in or about August 2005 through the present.

7.      Francisco Calero ("Calero") resides in Queens, New York. Calero was employed as a waiter at Il Mulino from in or about 1997 through the present.

8. Luis Calle ("Calle") resides in Queens, New York. Calle was employed as a waiter and then a captain at Il Mulino from in or about 2001 through June 2009.

9. Marcos Flores ("Flores") resides in Bronx, New York. Flores was employed as a waiter at Il Mulino from in or about 2001 through the present.

10. Rene Jerez ("Jerez") resides in Brooklyn, New York. Jerez was employed as a waiter at Il Mulino from in or about August 2003 through the present.

11. Luis Morocho ("Morocho") resides in Queens, New York. Morocho was employed as a waiter at Il Mulino from in or about 1986 through the present.

12. Prudencio Naula ("Prudencio Naula") resides in Queens, New York. Prudencio Naula was employed as a busboy at Il Mulino from in or about 1997 through the present.

13. Hugo Naula ("Hugo Naula") resides in Jersey City, New Jersey. Hugo Naula was employed as a busboy at Il Mulino from in or about 2007 through the present.

14. Biagio Nicoli ("Nicoli") resides in Queens, New York. Nicoli was employed as a waiter at Il Mulino from in or about 2006 through the present.

15. Alex Niola ("Niola") resides in Queens, New York. Niola was employed as a busboy at Il Mulino from in or about 2004 through the present.

16. Jean Charles Quarrato ("Quarrato") resides in Brooklyn, New York. Quarrato was employed as a captain at Il Mulino from in or about September 2009 through the present.

17. Albino Sanchez ("Sanchez") resides in Queens, New York. Sanchez was employed as a busboy at Il Mulino from in or about 2002 through the present.

3

**Defendants**

18.     Defendant GFB Restaurant Corp. is a New York corporation that owns and operates Il Mulino, located at 86 West 3rd Street, New York, NY 10012.

19.     Defendant Jerry Katzoff is an owner and Managing Partner of Il Mulino and at all times material herein established and had authority regarding the pay practices at Il Mulino.

20.     Defendant Brian Galligan is an owner and Managing Partner of Il Mulino and at all times material herein established and had authority regarding the pay practices at Il Mulino.

COLLECTIVE ACTION ALLEGATIONS

21.     The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons who are current and former employees of Il Mulino since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

22.     The FLSA Collective consists of over twenty (20) similarly situated current and former employees of Il Mulino who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, tips that they earned, overtime, and other wages.

23.     The FLSA Collective consists of employees who, during their employment at Il Mulino, fell into the category of non-exempt, non-managerial tipped employees who customarily and regularly earn more than $30.00 per month in tips and were required by defendants to participate in a tip-pooling scheme at Il Mulino. 29 U.S.C. § 203(t).

24.     As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, the following:

   a.  failing to pay employees the minimum wage for all hours worked;

   b.  failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   c.  depriving the waitstaff of tips that they earned;

   d.  improperly taking a "tip credit" for its waitstaff;

   e.  redistributing portions of the tips earned by its waitstaff to the manager and other individuals who were not entitled to tips under the FLSA and the NYLL;

   f.  making unlawful deductions from employees' wages to cover breakage and other overhead expenses; and

   g.  failing to pay employees spread-of-hours compensation of one (1) hour's pay at the minimum wage for each day in which their workday spanned more than ten hours.

25.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

26.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to plaintiffs and the FLSA Collective.

27.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Il Mulino, are readily identifiable, and locatable through Il Mulino's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## THE LAW REGARDING "TIPPED EMPLOYEES"

28.     The FLSA and the NYLL allow employers of "tipped employees" to pay their tipped employees at a rate below the federal and state minimum wages.

29.     The FLSA and the NYLL provide that in order to be eligible for this "tip credit," or "tip allowance," employers of tipped employees must allow employees to keep all the tips that they receive.

30.     Under the FLSA and the NYLL, managers are prohibited from sharing in the tips received by "tipped employees."

31.     The FLSA and the NYLL permit employees to participate in a "tip pool," where tipped employees pool all of their tips together and then redistribute them amongst themselves as they choose.  The tip pool is unlawful, however, where a non-tipped employee, such as a manager, participates in the pool.

## THE UNLAWFUL TIP POOL AT IL MULINO

32.     At any given time, Il Mulino employs approximately fifteen (15) waiters, busboys, runners, and bartenders (the "waitstaff").

33.     Defendants established and imposed an involuntary tip pool upon its waitstaff, requiring them to share a percentage of their tips with Claudio Mambelli ("Mambelli"), the manager of the restaurant, effectively using money from the pool to pay the salary of non-tipped employees and restaurant expenses.  Mambelli should not have received *any* share from the tip pool inasmuch as he has the power to hire, fire, schedule, and discipline employees, received his own "hand shake" tips from customers which he did not put in the tip pool, and he performed *de minimis* table service for customers.  Nonetheless, Mambelli was unlawfully allocated a full waiter's share of the tip pool until in or about June 2011.

34.     Because defendants retained a portion of plaintiffs' tips, they were not entitled to reduce the minimum wages of plaintiffs and the other waitstaff employed at the restaurant by applying the tip credit allowance that is available under the FLSA and the NYLL.

35.     Defendants' improper application of the tip credit deprived plaintiffs and other similarly situated employees at Il Mulino of their statutory minimum wage under the FLSA and the NYLL.

## IL MULINO'S FAILURE TO PAY MINIMUM WAGE AND OVERTIME FOR ALL HOURS WORKED

36.     The FLSA and NYLL require that employers pay all employees a minimum wage for all hours worked weekly up to forty (40), and requires that employers pay employees one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

37.     Until in or about June 2011, Il Mulino also shaved hours from waitstaff's paychecks, paying them for fewer hours than they actually worked.

38.     Until in or about June 2011, Il Mulino did not pay its waitstaff at the overtime rate of one and one-half (1½) times the regular hourly rate for all hours worked in excess of forty (40) hours per week, even though they often worked more than forty (40) hours.

## OTHER VIOLATIONS

39.     The employees at Il Mulino frequently work shifts that span more than ten (10) hours per day. However, Il Mulino did not pay its waitstaff the required spread-of-hours pay of an additional hour's pay at the full minimum wage for every day in which their shifts span more than ten (10) hours.

40.     Il Mulino also made deductions from the waitstaff's tips to cover the cost of customer walkouts, errors in customers' bills, and breakage by the waitstaff. For example, defendants charged waitstaff $90 if they broke one of the glass candleholders on the tables, even though waitstaff have found these same candleholders for sale online for approximately seventeen dollars for a pack of three.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

41.     Plaintiffs repeat and reallege paragraphs 1 through 40 as if fully set forth herein.

42.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

43.     Defendants were required to pay to plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

44.     Defendants failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

45.     Defendants failed to pay plaintiffs and the FLSA Collective for the actual hours that they worked.

46.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

47.     As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

48. Plaintiffs repeat and reallege paragraphs 1 through 47 as if fully set forth herein.

49. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs and the FLSA Collective.

50. Defendants failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the NYLL.

51. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs and the FLSA Collective minimum hourly wages.

52. As a result of defendants' violations of the NYLL, plaintiffs and the members of the FLSA Collective are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Unpaid Wages)

53. Plaintiffs repeat and reallege paragraphs 1 through 52 as if fully set forth herein.

54. At all times relevant herein, plaintiffs and the FLSA Collective have been employees and defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and at all times relevant, employed plaintiff and the FLSA Collective.

55. New York Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the

gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

56.     Defendants unlawfully retained a portion of tips from their waitstaff to cover breakage costs and overhead expenses.

57.     Defendants have willfully violated the NYLL by knowingly and intentionally misappropriating tips to which plaintiffs and the waitstaff are entitled.

58.     As a result of defendants' violations of the NYLL, plaintiffs and the waitstaff are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

59.     Plaintiffs repeat and reallege paragraphs 1 through 58 as if fully set forth herein.

60.     Defendants are required to pay plaintiffs and the FLSA Collective one and one-half (1½) times the regular rate at which plaintiffs were employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

61.     Defendants have failed to pay members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

62.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay members of the FLSA Collective overtime wages.

63.     Due to defendants' violations of the FLSA, plaintiffs and members of the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Unpaid Overtime)

64.     Plaintiffs repeat and reallege paragraphs 1 through 63 as if fully set forth herein.

65.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs and the FLSA Collective one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty (40).

66.     Defendants have failed to pay members of the FLSA Collective the overtime wages to which they were entitled under the NYLL.

67.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the FLSA Collective overtime wages.

68.     Due to defendants' willful violations of the NYLL, plaintiffs and members of the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (New York Labor Law - Unlawful Deductions)

69.     Plaintiffs repeat and reallege paragraphs 1 through 68 as if fully set forth herein.

70.     New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

71.     New York Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

72.     Defendants unlawfully retained a portion of tips from their waitstaff to pay for mistakes in customer bills or for customer walkouts.

73.     Defendants unlawfully retained a portion of tips from their waitstaff to cover breakage costs.

74.     Defendants' knowing and intentional demand and retention of a portion of the waitstaff's tips were willful violations of the NYLL and supporting Department of Labor Regulations.

75.     As a result of defendants' willful violations of the NYLL, plaintiffs and the FLSA Collective are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

### SEVENTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

76.     Plaintiffs repeat and reallege paragraphs 1 through 75 as if fully set forth herein.

77.     Defendants have willfully failed to pay plaintiffs and the FLSA Collective additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten (10) hours.

78.     By defendants' failure to pay plaintiffs and the FLSA Collective spread-of-hours pay, defendants have willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

79.     Due to defendants' willful violations of the NYLL, plaintiffs and the FLSA Collective are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court enter a judgment:

a.    to authorize the issuance of notice at the earliest possible time to all tipped employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.    to declare that defendants have violated the tip pool provisions of the FLSA and the NYLL;

c.    to declare that defendants have violated the minimum wage and overtime provisions of the FLSA and the NYLL;

d.    to declare that defendants have violated the unlawful deductions provisions of the NYLL;

e.    to declare that defendants have violated the spread-of-hours provisions of the NYLL;

f.    to declare that defendants' violations of the FLSA were willful;

g.    to disgorge from defendants and order that the defendants remit back the amount of the tips misappropriated from the wages of plaintiffs and the FLSA Collective;

h.    to award plaintiffs and the FLSA Collective damages for tips which were unlawfully collected and retained by the defendants;

i.    to award plaintiffs and the FLSA Collective damages for unpaid minimum and overtime wages;

j.     to award plaintiffs and the FLSA Collective damages for unpaid tips which were unlawfully diverted to non-waitstaff;

k.     to award plaintiffs and the FLSA Collective damages for all unauthorized deductions under the NYLL;

l.     to award plaintiffs and the FLSA Collective damages for unpaid spread-of-hours compensation;

m.     to award plaintiffs and the FLSA Collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

n.     to award plaintiffs and the FLSA Collective prejudgment interest under the NYLL;

o.     to award plaintiffs and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

p.     to award such other and further relief as the Court deems just and proper.

.
.
.
.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs

demand a trial by jury in this action.

Dated: New York, New York
      July 7, 2011

BERKE-WEISS & PECHMAN LLP

By: _____
      Louis Pechman
      Jessica Tischler
      488 Madison Avenue - 11th Floor
      New York, New York 10022
      (212) 583-9500
      *Attorneys for Plaintiffs*